# Wheeling.

## Thomas Dolan *vs.* J. & A. Freiberg.

### January Term, 1870.

A receipt for money which purports to be "in full, on account, to date," does not import an agreement or contract between the parties, and is open to explanation and contradiction by parol proof.

J. & A. Freiberg brought their action of assumpsit in the circuit court of Harrison county, to October rules, 1867, against Thomas Dolan. The account filed with the declaration was for 1,474 dollars and 48 cents, subject to credits amounting to 1,222 dollars and 48 cents; the last item among the credits was for the sum of 170 dollars and 38 cents. The balance due was alleged to be 252 dollars. Judgment was rendered for the last mentioned sum at the March term, 1868.

On the trial the defendant gave in evidence a receipt as follows :

" $170.38.

"Rec'd, of Thomas Dolan, one hundred and seventy dollars and thirty-eight cents, in full, on account, to date.

"Clarksburg, W. Va., Sep. 16th, 1867.

                     " J. &. A. Freiberg.

[2 cts. U. S. stamp.]             " Per. J. F."

Which was admitted to be given by the plaintiffs, also that the money mentioned therein, was paid at the time stated; and the plaintiffs introduced one Joseph Freiberg, one of the plaintiffs, to prove that the receipt was given

and made with the understanding that it was not to be in full of all accounts, and that it was not, in fact, in full of accounts. To the introduction and proof of such facts, in denial of the terms of the receipt, the defendant, by his counsel, objected, but his objection was overruled, and the witness permitted to, and did, prove such facts; to which judgment of the court the defendant excepted.

The defendant brought the case here on this point only.

Hon. Thos. W. Harrison, judge of the circuit court of Harrison county, presided on the trial of the cause below.

*C. Boggess* for the plaintiff in error.

*Nathan Goff, Jr.,* for the defendants in error.

BERKSHIRE, J. The only question presented by this record, is, whether the defendants in error were precluded by their receipt to the plaintiff in error for 170 dollars and 38 cents, mentioned in the latter's bill of exceptions, from showing by oral testimony, that it did not, in fact, embrace the account sued on, and was not in full of all accounts due from the latter to the former.

The language of the receipt, on which the controversy turns, is, "in full, on account, to date."

It is maintained by the counsel for the plaintiff in error that this imports an agreement or contract between the parties, which cannot be explained or contradicted by parol proof.

I do not think the authorities relied on by him sustain that position.

Ordinarily, receipts are mere *ex parte* acknowledgements of payments, or delivery and the like. But they may, and often do contain an agreement or contract between the parties; and as to the former, they are only *prima facie,* and may be explained, while the latter are conclusive and cannot be contradicted or explained by oral testimony.

The receipt in this case, I think, does not import an

agreement or contract between the parties that may not be explained or contradicted by parol evidence, but an *ex parte* acknowledgment only, which may be.

The acknowledgment that the amount received was in full of an account is no more an agreement between the parties than the receipt of such amount. They seem to me to stand on the same footing, and I am unable to see any difference in principle.

In the case of a receipt for articles to be shipped acknowledging the number, quantity, and condition of the goods at the time of the shipment, it is held that such acknowledgments imply no agreement or contract, and may, therefore, be explained by parol testimony; and I think this case is in principle like such a case : 1 Greenleaf Ev., § 305, *Wolee* vs. *Myers, &c.*, 3 San'd R., 7; 1 Phil. Ev., 108; 2 Sand. L. & E., 737, Margin; *Bloss* vs. *Plymale et. al.*, 3 W. V. R., 393.

The judgment must be affirmed with costs and damages.

Brown, Prest., concurred in the judgment.
Maxwell, J., expressed no opinion.

JUDGMENT REVERSED.